**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

| | | |
|---|---|---|
| **BETTY BOWMAN** | * | |
| **ADC # 707881** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | Case No. 1:06CV00040 SWW/JFF |
| | * | |
| **BOBBY HAGER,** *et al.* | * | |
| | * | |
| **Defendants** | * | |

**RECOMMENDED DISPOSITION**

**I**.   **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

>   3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite 402
>   Little Rock, AR 72201-3325

## II.   DISPOSITION

Arkansas Department of Correction (ADC) inmate Betty Bowman filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on August 16, 2006.[1]

### A.   Plaintiff's Complaint

The plaintiff claims a violation of her constitutional rights because: 1) her requests for mental health treatment were ignored; 2) prison staff spoke rudely to her; 3) she was denied placement in administrative segregation at her request. The plaintiff seeks a lie detector test be administered to all parties, relocation to another facility, and monetary compensation for her pain and suffering.[2]

---

[1] Plaintiff Bowman filed a similar action—*Bowman v. Capel et al*, 1:06CV00039—also on August 16, 2006. The action was dismissed on September 8, 2006, and determined to be a "strike" for purposes of 28 U.S.C. § 1915(g).

[2] The plaintiff was incarcerated at the McPherson Women's Unit at the time she filed this action. However, the plaintiff subsequently notified the Court of her relocation to the Wrightsville Women's Unit on October 18, 2006 (docket entry #4).

**B.**     **Law and Analysis**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints. 28 U.S.C § 1915. The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are (a) legally frivolous or malicious, (b) fail to state a claim upon which relief may be granted, or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.  § 1915(e)(2).  A complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint must still contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**1.**     **Deliberate Indifference**

Deliberate indifference by prison personnel to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976); *Taylor v. Turner*, 884 F.2d 1088, 1089-90 (8th  Cir.1989). This principle extends to an inmate's mental-health-care needs. *See, e.g., Greason v. Kemp,* 891 F.2d 829, 834 (11th  Cir.1990) (and cases cited therein).

An Eighth Amendment claim that prison officials were deliberately indifferent to the medical needs of inmates involves both an objective and a subjective component. *Coleman v.*

*Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) . *See also Farmer v. Brennan,* 511 U.S. 825, 114 (1994). Plaintiffs must demonstrate (1) that they suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs. *Coleman,* 114 F.3d at 784. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.' " *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir.1996). As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment. *Id.*

Plaintiff has not alleged facts sufficient to state an actionable claim. The plaintiff states she raised her concerns about her mental health on Friday, February 10, 2006, and again on February 14, 2006. The plaintiff's acknowledges in her complaint that she received treatment from a mental health counselor on February 14, 2006.[3] The treatment consisted of counseling for her mental health issues and prescribed medication as a course of treatment. Four days after requesting mental health counseling and treatment she was seen and treated by a mental health counselor. Her complaint fails as a matter of law to state an actionable claim of deliberate indifference. Further, to the extent that her claim is a disagreement with a recommended course of treatment, it is additionally not actionable under the Eighth Amendment. *Vaughan v. Lacey*,

---

[3]The Deputy/Assistant Director's Decision on July 6, 2006 for Grievance # MCP-06-282 notes that the plaintiff's initial request for mental health counseling on February 10, 2006, occurred late in the day on Friday and that she was seen on Monday, February 13, again on February 14 (twice), and February 23.

49 F.3d 1344, 1346 (8th Cir. 1995); *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995); *Smith v. Marcantonio*, 901 F.2d 500, 502 (8th Cir. 1990).

### 2. Rude Comments

The plaintiff alleges that several of the defendants made "rude" comments to her. The Eighth Circuit Court of Appeals has determined that comments by prison staff—even involving obscene names, defamation, or verbal threats—are not constitutional violations. *Martin,* 780 F.2d at 1338. Therefore, the plaintiff fails to state an actionable claim.

### 3. Denial of Segregated Confinement

The plaintiff additionally complains that she was denied segregated confinement upon her request. The plaintiff's states in her complaint that her request was denied because there was no space available in administrative segregation.

A prison inmate only has a liberty interest in a condition of confinement if it "imposes atypical and significant hardship on the inmates in relation to the ordinary incidents of prison life." *Key v. McKinney*, 176 F.3d 1083, 1087 (8th Cir. 1999)(citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Thirty days in punitive isolation does not constitute atypical or significant hardship in relation to the ordinary incidents of prison life. *Sandin*, *supra*. Therefore, the plaintiff's argument that *not* being placed in administrative segregation violated her constitutional rights is frivolous and fails to state an actionable claim. The plaintiff alleged no external threat that would have been eliminated by transfer to administrative segregation.

**III.    CONCLUSION**

IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff's complaint (docket entry #2) be DISMISSED WITH PREJUDICE.

2.    This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[4]

3.    Pending motion to amend complaint (docket entry #3) be DISMISSED as moot.

4.    The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this 28th day of November, 2006.

/s/ John F. Forster, Jr.
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[4] The three-strikes provision of the Prison Litigation Reform Act ("PLRA"), requires a court to dismiss an inmate's *in forma pauperis* action if it determines that the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."